NOAH WARNER *vs.* JONATHAN CROUCH.

The sole deed of a married woman, executed without her husband's written assent, of land which was conveyed to her before the date of any of the statutes providing for the separate estates of married women, is absolutely void, and a note given in payment of the purchase money thereof is without consideration; and no action can be maintained on such note, although the grantee named in the deed has entered into possession of the land, and cut and removed wood to the full value of the purchase money, and although in the deed the grantor was described as a married woman.

CONTRACT upon a promissory note of $290, signed by the defendant, and payable to the order of Lucy H. Mansfield, the plaintiff's intestate.

It was agreed, in the superior court, that in April 1863 the defendant purchased of said Lucy a piece of woodland in Harvard, for $690, paying $400 in cash, and giving the note in suit for the residue. The deed to the defendant was executed by said Lucy alone, she being therein described as a married

woman. There was no written assent by her husband to the conveyance, and he was then absent from the Commonwealth. Her title to the land was by a deed to her in 1842, in which she was described as a married woman, but the conveyance was not made to her sole and separate use. Said Lucy died in August 1863, and her husband died in July 1864. This action was brought in October 1865. The defendant has cut from the land and sold wood and lumber equal to the amount of the consideration of the deed to him and interest thereon.

Upon these facts, judgment was rendered for the defendant and the plaintiff appealed to this court.

*J. T. Joslin,* for the plaintiff, cited *Brewer* v. *Winchester,* 2 Allen, 389; *Calcraft* v. *Roebuck,* 1 Ves. Jr. 225; *Fleetwood* v. *Green,* 15 Ves. 594; *Burnell* v. *Brown,* 1 Jac. & Walk. 175; *Anspach* v. *Noel,* 1 Madd. 310; *Todd* v. *Hoggart,* Mood. & Malk. 128.

*J. Gerrish,* for the defendant.

HOAR, J. The note upon which the action is brought was wholly without consideration. It was given to the plaintiff's intestate as a part of the price of a piece of land which the defendant undertook to buy of her, and which she professed to convey to him by deed. She was a married woman, and her husband did not join in the deed. The land was not her separate property, but was conveyed to her during coverture, in the year 1842, before the date of any of the statutes providing for the separate estates of married women. The conveyance to her therefore gave her husband a seisin in her right for her life. Her separate deed was wholly void, and had no validity or effect whatever. *Townsley* v. *Chapin,* 12 Allen, 476. It did not even give the defendant a license to enter on the land. *Concord Bank* v. *Bellis,* 10 Cush. 276.

The defendant, then, has received nothing of any value whatever for his note. The facts find that he has entered upon the land and taken a large amount of wood; but he acquired no right to do so under the deed. Paying the note would give him no title to the land.

*Judgment for the defendant.*